IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMAR M. COOK,** | : | |
|    Plaintiff, | : | CIVIL ACTION No. 24-cv-0314 |
| | : | |
| v. | : | |
| | : | |
| **BLANCHE CARNEY,** *et al*. | : | |
|    Defendants. | : | |

## ORDER

AND NOW, this 26th day of June, 2024, upon consideration of Plaintiff Jamar M. Cook's Amended Complaint (ECF No. 14), it is **ORDERED** that:

1. The Clerk of Court is **DIRECTED** to **AMEND** the docket to reflect that the following Defendants are named in the Amended Complaint: (1) Blanche Carney; (2) Michelle Farrell; (3) Cathy Talmadge; (4) C.O. 4 Dunkin, *Hearing Examiner for Philadelphia Prison System*; (5) C.O. 1 MacCallister, *Correctional Officer at Philadelphia Industrial Correctional Center*; (6) Corizon Health; (7) John Doe #1, *Grievance Officer at Philadelphia Industrial Correctional Center*; (8) John Doe #2, *Grievance Officer at Riverside Correctional Facility*; (9) John Doe #3, *Correctional Officer at Riverside Correctional Facility*; (10) John Doe # 4, *Correctional Officer at Riverside Correctional Facility*; (11) John Doe #5, *Medical Supervisor at Philadelphia Industrial Correctional Center*; and (12) John Doe #6, *Nurse at Philadelphia Industrial Correctional Center*.

2. For the reasons stated in the Court's accompanying Memorandum, the claims in the Amended Complaint are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), <u>except for the following claims, which still remain in the case</u>:

    a. Cook's § 1983 claim against MacCallister in his individual capacity for deliberate indifference to his safety and his related intentional infliction of emotional distress claim based on the November 25, 2020 attack at PICC;

    b. Cook's § 1983 due process claim against Dunkin in her individual capacity based on her imposition of the 45-day disciplinary sanction against him at PICC;

    c. Cook's § 1983 claim against Nurse John Doe #6 for deliberate indifference to his serious medical needs based on the nurse's failure to change Cook's bandages at PICC; and

    d. Cook's § 1983 claims against John Doe #3 and John Doe #4 in their individual capacities for deliberate indifference to his safety based on the January 20, 2022 attack at RCF.

3. If Cook would like to try and amend his dismissed claims (meaning any claims other than those listed in paragraphs 2(a)-2(d) above) he is given thirty (30) days to file a second amended complaint. Any second amended complaint shall identify all defendants in the caption of the second amended complaint in addition to identifying them in the body of the second amended complaint, shall state the basis for Cook's claims against each defendant, and shall bear the title "Second Amended Complaint" and the case number 24-314. If Cook files a second amended complaint, it must be a complete document that includes all of the bases for Cook's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims. Claims that are not included in the second amended complaint will not be considered part of this case. **This means that if Cook files a second amended complaint, he must reassert all of the claims that this Court did not dismiss (those listed above in paragraphs**

**2(a)-2(d) of this Order) including all of the facts underlying those claims if he still seeks to proceed on them or he will risk losing his ability to proceed on these claims.** When drafting any second amended complaint, Cook should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum. Upon the filing of any second amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

4. The Clerk of Court is **DIRECTED** to send Cook a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number. Cook may use this form to file a second amended complaint if he chooses to do so.

5. If Cook knows that he wants to proceed only on the claims remaining in this case, *i.e.*, those listed in paragraphs 2(a)-2(d) of this Order, he may send a notice to proceed on those claims with the case number 24-314 for faster processing.

6. If Cook does not file a second amended complaint or informs the Court that he seeks to proceed only on the remaining claims, the Court will direct service on the remaining Defendants for whom there is some identifying information, C.O. 4 Dunkin and C.O. 1 MacCallister.

        **BY THE COURT:**

        /s/ John Milton Younge
        **JOHN M. YOUNGE, J.**